UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JASON and MARY TUTTLE,                                                                   No. 11-11125

                Debtor(s).
_____/

Memorandum on Motion to Dismiss
_____

       Debtors Jason and Mary Tuttle are in their thirties and have two young children. Jason is a mortgage loan officer and Mary is a teacher. When they filed their Chapter 7 petition on December 31, 2008, they reported a combined gross income of over $190,000.00 per year. They scheduled $890,000 in secured debt, $44,000 in priority debt and $225,000 in unsecured debt. Their assets include a 2008 Mercedes and a 2003 Cadillac.

       Congress enacted the 2005 amendments to the Bankruptcy Code in order to stop what it perceived as widespread abuse of bankruptcy by high-income debtors. While such debtors have proved to be largely apocryphal, this is one of the very few cases the court has seen where the debtors fit the image of abusive filers. Despite an income which most Americans would envy, they have mismanaged their finances to the point that a creditor has garnished their wages. It is clear that they were living a lifestyle far beyond their means despite their more-than-adequate incomes. Moreover, despite their bankruptcy they have elected to keep the Mercedes and the Cadillac, assuring that they cannot afford to pay their unsecured creditors.

1

Incredibly, the debtors have "passed" the mechanical means test devised by Congress to deny a bankruptcy discharge to debtors without involving a judge's discretion. Accordingly, the U.S. Trustee has moved for dismissal pursuant to § 707(b)(3) of the Code, which calls upon the court to dismiss a case if the totality of circumstances of the debtor's financial situation demonstrates abuse.

The Bankruptcy Code does not define what abuse is. The most common basis for a finding of abuse is that the debtor can afford to pay his debts; such a finding can support dismissal without considering other factors. *In re Kelly*, 841 F.2d 908, 915 (9th Cir 1988).[1] The debtors here argue that their case should not be dismissed because they cannot afford to pay their debts. However, to the extent that is true (which the court does not find) it is only because the debtors have insisted in maintaining their luxury lifestyle despite their financial failure. The payments on their two luxury vehicles would alone pay their priority tax debt and about 15% of their unsecured debt over a five-year period.

Moreover, ability to pay debt is not the only test for abuse. The court may take into account past and present expenses it considers extravagant. 6 **Collier on Bankruptcy** (15th Ed. Rev.) ¶ 707.04[4], p. 707-33; *In re Stewart*, 175 F.3d 796, 809 (10th Cir. 1999)[There may be substantial abuse even if there is not the ability to repay].

In this case, the debtors have clearly lived an extravagant lifestyle at the expense of their creditors, while not even paying their income taxes. Even if they did not intend it, the extent of their bad judgment and their efforts to maintain an unjustified lifestyle compels the court to the conclusion that allowing them a discharge without a complete adjustment of their spending and a good faith attempt to repay at least some of their debts would be an abuse of the bankruptcy system.

The debtors have responded to the motion by arguing that their income has fallen since they filed their petition. However, they have not amended their schedules or given the court any concrete

---

[1] *Kelly* interpreted pre-2005 law, which required a showing of substantial abuse before a case could be dismissed. The current law only requires a finding of abuse, not substantial abuse.

numbers as to their alleged current income. The court does not believe that their arguments regarding a temporary reduction in income are mitigating even if true, especially given their continuing ability to earn an income beyond the ability of most people. Accordingly, the court will grant the motion to dismiss this case. The U.S. Trustee shall submit an appropriate form of order.

Dated: October 17, 2011

Alan Jaroslovsky
U.S. Bankruptcy Judge